```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
```

```
UNITED STATES OF AMERICA,

        v.                                          12-CR-06112-FPG

THOMAS CRAMER,

            Defendant.
```

**GOVERNMENT'S CALCULATION OF MAXIMUM SENTENCE
AND SENTENCING GUIDELINE RANGE**

**THE UNITED STATES OF AMERICA**, by and through United States Attorneys William J. Hochul, United States Attorney for the Western District of New York, and John E. Rogowski, Assistant United States Attorney, in anticipation of the defendant pleading guilty to all counts of the Indictment, and pursuant to the suggestion of the Court of Appeals in United States v. Pimentel, 932 F.2d 1029, 1034 (2d Cir. 1991), hereby sets forth the maximum potential sentence to which the defendant will be exposed, and the present position of the government as to the calculations under the Sentencing Guidelines which will apply in this case.  This analysis is set forth for informational purposes only and forms no part of any plea agreement between the government and the defendant.

## MAXIMUM SENTENCE

1. Counts 1 through 6, inclusive, of the Indictment each charge a violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(2) [sex trafficking of minors], for which the mandatory minimum term of imprisonment is 10 years and the maximum possible sentence is a term of imprisonment of life, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least five (5) years and up to life.

2. The defendant is advised that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant is advised the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further is advised that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant is advised that failure to comply with these obligations subjects the defendant to prosecution for

failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

3. The defendant is advised that pursuant to Title 18, United States Code, Section 1593, the Court must order restitution for the full amount of the victims' losses as determined by the Court.

**ELEMENTS OF THE OFFENSE**

4. If this case proceeded to trial, the government would be required to prove beyond a reasonable doubt:

   a. The defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained a person whom the defendant knew, or acted in reckless disregard of the fact, that the person was less than eighteen years old, or had a reasonable opportunity to view the person who was less than eighteen years old;

   b. The defendant knew, or acted in reckless disregard of the fact, that the person would be caused to engage in a commercial sex act; and

   c. The defendant's act of recruiting, enticing, harboring, transporting, providing, obtaining and maintaining was in or affecting interstate commerce.

## SENTENCING GUIDELINES CALCULATIONS

5. The government presently believes that the Sentencing Guidelines will apply to this case as follows:

## BASE OFFENSE LEVEL

6. Guidelines § 2G1.3(a)(2) applies to each count of conviction and provides for a base offense level of 30.

## SPECIFIC OFFENSE CHARACTERISTICS
## USSG CHAPTER 2 ADJUSTMENTS

7. The following specific offense characteristics do apply as follows:

Counts 1, 3, and 4:

    a. the 2 level increase pursuant to Guidelines §2G1.3(b)(3)(B) in that the offenses involved the use of a computer to solicit a person to engage in a commercial sex act with minor victims; and

    b. the 2 level increase pursuant to Guidelines § 2G1.3(b)(4)(A) in that the offenses involved the commission of a sex act.

Counts 2 and 5:

    a. the 2 level increase pursuant to Guidelines §2G1.3(b)(3)(B) in that the offenses involved the use of a computer to solicit a person to engage in a commercial sex act with minor victims.

## ADJUSTED OFFENSE LEVEL

8. Based on the foregoing, the adjusted offense level for each count of conviction is as follows:

Counts 1, 3, and 4 - 34
Counts 2 and 5    - 32.

9. Based on Guidelines §§ 2G1.3(d)(1) and 3D1.4, the defendant's combined adjusted offense level is 38.

## ACCEPTANCE OF RESPONSIBILITY

10. Assuming the defendant pleads guilty and allocutes to the satisfaction of the Court in a timely manner, thereby demonstrating acceptance of responsibility for his offense and permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently, a 3 level decrease pursuant to U.S.S.G. § 3E1.1 is warranted.

## CRIMINAL HISTORY CATEGORY

11. Based upon the information now available to the government, the defendant has 16 criminal history points, which are calculated as follows:

a. The defendant was convicted upon a plea of guilty on February 2, 1995, of Wire Fraud. That conviction results, pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(e)(1), in 3 criminal history points.

b. The defendant was convicted upon a plea of guilty on February 3, 1995, of Burglary 2nd Degree. That conviction results, pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(e)(1), in 3 criminal history points.

c. The defendant was convicted upon a plea of guilty on January 30, 1998, of Wire Fraud. That conviction results, pursuant to U.S.S.G. §§ 4A1.1(a), in 3 criminal history points.

d. The defendant was convicted upon a plea of guilty on April 5, 2005, of Criminal Possession of Stolen Property 3rd Degree. That conviction results, pursuant to U.S.S.G. §§ 4A1.1(a), in 3 criminal history points.

e. The defendant was convicted upon a plea of guilty on April 5, 2006, of Petit Larceny. That conviction results, pursuant to U.S.S.G. §§ 4A1.1(b), in 2 criminal history points.

f. The defendant was convicted upon a plea of guilty on November 6, 2009, of Promoting Prostitution 4th degree. That conviction results, pursuant to U.S.S.G. §§ 4A1.1(b), in 2 criminal history points.

In accordance with the above, the defendant's Criminal History Category is VI.

**SENTENCING RANGE**

12. Based upon the calculations set forth above, with a total offense level of 38 and criminal history category of VI, the defendant's sentencing range would be a term of imprisonment of 292 to 365 months, a fine of $20,000 to $200,000, and a period of supervised release of 5 years to life.

6

13. The foregoing Sentencing Guidelines calculations are based on facts and information presently known to the government. Nothing in this document limits the right of the government to change its position at any time as to the appropriate Guidelines calculations in this action, and to present to the Court and Probation Department, either orally or in writing, any and all facts and arguments relevant to sentencing and to the defendant's offense level, criminal history category and sentencing range, which are available to the government at the time of sentencing. Nothing in this document limits the ability of the government to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action and to recommend a sentence above the Sentencing Guidelines range. Further, this document does not limit the right of the government to take a position on any departure or non-Guidelines sentence which may be suggested by the Court, the Probation Department, or the defendant.

14. This document does not and cannot bind either the Court or the Probation Department either as to questions of fact or as to determination of the correct Guidelines to apply in this case. The sentence to be imposed upon the defendant will be determined solely by the Court. The government cannot and does not make any promise or representation as to what sentence the defendant will receive.

**FORFEITURE**

15. Upon the Court's acceptance of the defendant's anticipated plea of guilty to Counts 1 through 5 of the Indictment, defendant will have been adjudged guilty and convicted of Counts 1 through 5.

16. As such, the defendant will admit to the Forfeiture Allegation in the Indictment and will criminally forfeit all of his right, title, and interest in the following property to the United States pursuant to Title 18, United States Code, Section 1594(d):

**Computer and Electronic Equipment seized
on or about May 31, 2011,
by law enforcement officers**

17. The defendant understands that he will waive any right to notice of such <u>Preliminary Order of Forfeiture</u> and consents and understands that it shall become final as to the defendant prior to sentencing and agrees that the <u>Final Order of Forfeiture</u> shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

18. The defendant further understands that orders of forfeiture for the aforementioned property will take place after he is adjudged guilty. The defendant understands that the forfeiture of property is part of the sentence that may be imposed in this

case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

**DATED**: Buffalo, New York March 22, 2013.

    Respectfully submitted,

    WILLIAM J. HOCHUL, Jr.
    United States Attorney

BY:  S/ JOHN E. ROGOWSKI
    Assistant United States Attorney
    United States Attorney's Office
    Western District of New York
    138 Delaware Avenue
    Buffalo, New York  14202
    (716) 843-5873
    John.E.Rogowski@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.                                                        12-CR-06112-FPG

THOMAS CRAMER,

    Defendant.

---

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 22, 2013, I electronically filed the foregoing **GOVERNMENT'S CALCULATION OF MAXIMUM SENTENCE AND SENTENCING GUIDELINE RANGE** with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participant on this case:

    Jeffrey Ciccone, AFPD


                                             S/ JOANNE BEALE
                                                Legal Assistant